LANE *v.* WOOD.

1. PRINCIPAL AND AGENT—RESPONSIBILITY FOR AGENT'S FRAUD.
   Principal receiving fruit of agent's misrepresentation is responsible therefor even though he had no knowledge thereof.

2. JOINT ADVENTURES—DUTY TO DISCLOSE FACTS—SECRET PROFITS.
   Joint adventurers forming syndicate, of which they were members, and, by agent, selling to it land at what was represented as purchase price, had duty to disclose true price, and not by suppression of fact, within right of other members to know, procure thereby secret profit.

3. SAME—FIDUCIARY RELATION—SECRET PROFIT—ACCOUNTING.
   Joint adventurers, who made secret profit in sale of land to syndicate, of which they were members, by agent's misrepresentation that they were selling at purchase price, are liable therefor in suit for accounting.

4. SAME—JOINT ADVENTURE DEFINED.
   Special association of several persons in single venture, seeking profit without actual partnership or corporate designation, is, in law, joint adventure.

5. SAME—FIDUCIARY RELATION.
   Joint adventurers, within scope of enterprise, stand in fiduciary relation to each other.

6. COURTS—PROBATE COURT—JOINT ADVENTURES—FIDUCIARY RELATION—EQUITY.
   Administrator of joint adventurer's estate is proper party defendant in suit for accounting for secret profit alleged to have been made by deceased, since case involves fiduciary relationship, which is incapable of being adjudicated in probate court, and presents proper subject for application of principle available only in equity court.

Appeal from Livingston; Collins (Joseph H.), J. Submitted April 15, 1932. (Docket No. 119, Calendar No. 36,444.) Decided June 6, 1932.

As to liability of principal for amount of fraudulent excess collection by agent, see annotation in 33 A. L. R. 90.

On the general question of liability of promoters for secret profits, see annotation in 25 L. R. A. 96; 18 L. R. A. (N. S.) 1110.

As to purchases with secret advantage by syndicate members, see annotation in 40 L. R. A. 222.

On effect of secret advantage to one member of joint adventure, see annotation in 50 L. R. A. (N. S.) 1046.

Bill by Cornelius J. Lane and others against Arthur G. Wood and others for an accounting for secret profits in joint adventure. From decree for plaintiffs, defendants appeal. Affirmed.

*Henry B. Graves* and *Charles H. Hatch,* for plaintiffs.

*Wiley, Streeter, Smith & Ford,* for defendants.

WIEST, J. Our independent judgment upon review of this case coincides with the following opinion of the circuit judge:

"In the early part of 1926, one of said defendants, Arthur G. Wood, became interested in the purchase of certain farm lands located in Green Oak township, Livingston county, securing options thereon. Afterwards in the latter part of February, 1926, Walter F. Haass became associated with him in the purchase of the land, and still later, in March, 1926, Paul A. Sorge (now deceased, the administrator of whose estate is made a defendant here) also became associated with Arthur G. Wood and Walter F. Haass in the purchase of said lands. These lands were purchased for resale and it was agreed by the parties heretofore named that the profit on the sale should be divided equally among them, and the defendant, Kirby-Sorge-Felske Company, a corporation, of which Paul A. Sorge was president, was selected by Arthur G. Wood and his associates as their agent to sell the land so purchased by them.

"The Kirby-Sorge-Felske Company, as such agent, organized a syndicate to purchase the land and said plaintiff, Fred A. Lehmann, became trustee of the syndicate. Among the syndicate members were the Kirby-Sorge-Felske Company, Paul A. Sorge, and Arthur G. Wood. It was represented to the members of the syndicate by the Kirby-Sorge-

Felske Company that the syndicate was purchasing the land for the same price that was paid for the land to the owners by Messrs. Wood, Haass, and Sorge, such sum being $56,750, but the land was sold to the syndicate by the Kirby-Sorge-Felske Company for the sum of $87,500, and thus $29,000 of this was profit on the sale of the land. As part of the purchase price of the land, on July 1, 1926, Fred A. Lehmann as trustee for the syndicate, executed to Arthur G. Wood, a note and mortgage for $29,000. Afterwards, on September 13, 1926, Arthur G. Wood assigned this mortgage and note to Dr. Robert T. Tapert and received therefor $26,000, the net proceeds of the sale, and afterwards, after deducting certain expenses, this amount was equally divided among Wood, Haass, and Sorge. The Kirby-Sorge-Felske Company, for selling this land to the syndicate of which they were a member, received a commission of $4,375.    *    *    *

"The court is of the opinion that the Kirby-Sorge-Felske Company was the agent of Wood, Haass, and Sorge in the sale of the land to the syndicate, and as such represented to the syndicate members that they were buying the land at the same price paid the original owners. It is now evident that such was not the fact. The principal is responsible for the misrepresentation of the agent where the principal receives the fruit of such representation, even though the principal has no knowledge of the misrepresentations of the agent.

"It is also true that the syndicate was in the nature of a joint adventure entered into by its members, among whom were Paul A. Sorge, the Kirby-Sorge-Felske Company, and Arthur G. Wood. Therefore, it was the duty of the last named to disclose in a fair and honest manner the true price of the land to their fellow members and not by a suppression of fact, within the right of the other members to know, procure thereby secret profit or commission.

"It therefore follows that a decree may be entered against Arthur G. Wood, the Kirby-Sorge-Felske Company, and the estate of Paul A. Sorge, and in favor of Fred A. Lehmann as trustee, for $29,000, with interest at the same rate that the note is drawing from July 1, 1926, until the date of the decree."

It is claimed that the properties were purchased by Wood, Haass, and Sorge before organization or intention of forming the syndicate, of which plaintiffs became members, and of which Mr. Haass never was a member.

Was the so-called syndicate, with Lehmann, trustee, so far of the nature of a joint adventure as to make applicable rules of law relative to a fiduciary relation between promoters, members, and beneficiaries?

The term "joint adventurers" is one of variable meanings. Lehmann was trustee, but had no greater rights in the property by reason of that fact than his coadventurers. Here was a special association of several persons in a single venture, seeking profit without any actual partnership or corporate designation. The law designates such an enterprise a joint adventure and the participants joint adventurers, and, as such:

"Within the scope of the enterprise they stand in a fiduciary relation each to the other, and are bound by the same standards of good conduct and square dealing as are required between partners. This obligation begins with the opening of the negotiations for the formation of the syndicate, applies to every phase of the business which is undertaken, and continues until the enterprise has been completely wound up and terminated." 33 C. J. p. 851.

We quote, with approval, the following found in 62 A. L. R. 18:

"Where one of the parties to a joint adventure obtains a profit by misrepresentations as to the cost of property related to the enterprise it is well settled that he has breached the fiduciary relationship, and must account for such profit to the remaining coadventurers."

This is supported by citation of many authorities.

The property was acquired in behalf of a joint venture, and it is immaterial in whose name the title was taken, as the one holding the title is but trustee for his associates.

We do not find that plaintiffs have lost any rights or defendants have gained any immunity by laches. The statute of limitations had not run its course, and the suit was brought within a reasonable time after discovery of the fraud.

It is claimed that the administrator of the estate of Paul A. Sorge, deceased, is not a proper party defendant. It is said that:

"If Paul A. Sorge committed a fraud either by himself or through an agent, he committed a series of torts at different times against different unconnected and unrelated persons. We believe that no authority can be found which authorizes these persons to join as plaintiffs in a suit in equity or in an action at law against the administrator of Sorge's estate, but, on the other hand, are required under the statutes * * * to file their claims, if any they have, before the commissioners on claims, appointed by the probate court"—

citing 3 Comp. Laws 1929, § 15688, which provides for the appointment of commissioners on claims and forbids action against an executor or administrator, except actions of ejectment or to recover the possession of real estate and actions of replevin, and section 15723, to like effect.

Plaintiffs contend that:

"The estate of Paul A. Sorge is interested in the joint adventure represented by the syndicate and is therefore interested in the proceeds of the mortgaged land when sold; and accordingly the estate of Paul A. Sorge represented by the administrator is a proper party to the bill of complaint. Therefore, a court of equity having once acquired jurisdiction of the parties and subject-matter will proceed to render full relief in the premises, if it should be found that Paul A. Sorge in his lifetime as one of the joint adventurers wrongfully acquired an undisclosed profit in the transaction. It has been held many times in Michigan that the machinery of the probate court is wholly inadequate to adjudicate such matters"—

citing *Graham* v. *Graham,* 171 Mich. 307; *Burgess* v. *Jackson Circuit Judge,* 249 Mich. 558; *Petrie* v. *Torrent,* 88 Mich. 43.

The Constitution, article 7, § 13, vests in the probate court such jurisdiction and powers as may be prescribed by the legislature. The legislature, in declaring the powers and jurisdiction of the probate court, added the following proviso:

"That the jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter." 3 Comp. Laws 1929, § 15519.

In *People, ex rel. Campau,* v. *Wayne Circuit Court,* 11 Mich. 393 (83 Am. Dec. 754), it was stated, quoting syllabus:

"Under our probate system, a very large portion of the old equity jurisdiction is vested in the courts of probate; and it seems that the court of chancery

has jurisdiction in those cases only in which an adequate remedy does not exist in the probate court."

See, also, *In re Estate of Andrews*, 92 Mich. 449 (17 L. R. A. 296).

The case at bar involved a fiduciary relationship incapable of being adjudicated in the probate court and presenting a proper subject for application of principles available only in a court of equity.

The decree in the circuit court is affirmed, with costs to plaintiffs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.