[Civ. No. 20239. Second Dist., Div. Three. Dec. 2, 1954.]

LOUIS J. ELIAS, Respondent, v. PAUL E. ERWIN, Appellant.

314

Theodore R. Gabrielson for Appellant.

Berk & Bise for Respondent.

SHINN, P. J.—Plaintiff brought this action against Paul E. Erwin, his wife, Helen Erwin, Worcester Thomas, and his wife, Katherine Thomas, for the recovery of the sum of $4,500 allegedly deposited with the defendants to be used in the purchase of cattle for plaintiff which were to be sold for his account. It was alleged that defendants orally agreed to keep the sum of $4,500 contributed by plaintiff in a separate account, to earmark cattle purchased therewith as the property of plaintiff and to keep intact in money or cattle the amount of plaintiff's contribution plus 3 per cent of the sales price of cattle sold, plus also 50 per cent of the profits from the use of the money advanced by plaintiff; that defendants did not place plaintiff's money in a special account, did not earmark cattle purchased therewith; that they purchased cattle with the money and sold them; that plaintiff demanded payment of $4,500 plus $158.50, but that defendants had paid only the sum of $128.50. A second cause of action accused Helen Erwin of fraud in obtaining the money and a third cause of action sought recovery of $4,635 as for money had and received. The action was tried to the court upon the complaint and the answers of the defendants.

Findings were in favor of plaintiff as against Paul E. Erwin and Worcester Thomas on the first cause of action; judgment was entered against these defendants for $4,635 and against Helen and Paul E. Erwin and Worcester Thomas for $1,190.05,[1] on the second cause of action, which sum was not in addition to the sum of $4,635. There were no findings on the third cause of action. Paul E. Erwin and Helen Erwin made a motion for new trial. An amended and supplemental complaint was filed to conform to the proof. It repeated the allegations of the original complaint with respect to the agreement, the deposit of the money, the breach of the agreement by Paul E. Erwin and Worcester Thomas, the purchase and sale of the cattle, the demand by plaintiff and the refusal to pay. In the hearing and ruling on the motion, the court changed its findings and conclusions (Code Civ. Proc., § 662). It was found that the foregoing allegations were true. The amended complaint repeated the allegation of fraud of the second cause of action of the original complaint and also the cause of action for money had and received. The court made no findings with respect to these allegations.

It was alleged in the amended complaint and the court found that Paul E. Erwin and Worcester Thomas were partners or joint adventurers in the cattle buying business and that ther respective wives from time to time acted as their agents. It was found that plaintiff deposited $4,500 with Paul E. Erwin and Worcester Thomas and that the agreement under which plaintiff deposited his money was made by Worcester Thomas, Katherine Thomas and Helen Erwin, acting on behalf of the partnership, and that each and all of the acts of Helen Erwin and Katherine Thomas on behalf of Worcester Thomas and Paul E. Erwin were ratified, affirmed and accepted by Thomas and Erwin. It was found that Paul E. Erwin issued a check to plaintiff in the sum of $135 pursuant to the agreement of the parties and that the amount of said check remained unpaid.

A modified judgment was entered, awarding plaintiff $4,635 against Paul E. Erwin and Worcester Thomas; the judgment was in favor of Helen Erwin and Katherine Thomas. Paul E. Erwin appeals from the original judgment and from the modified judgment.

---

[1]This was the difference between $4,635 and the sum in bank which was held under attachment.

Erwin and Thomas entered into a written contract August 17, 1951. It recited that Erwin was the operator of a sales yard at Riverdale valued at $12,000. Thomas was to contribute for the operation of the sales yard $1,500 and he was to receive 50 per cent of the net profits. In the event of a sale of the yard, their interests were to be on the basis of $12,000 for Erwin and $1,500 for Thomas. Erwin was to have full control of the operations. Neither party was to withdraw for personal and living expenses more than $50 per week without the consent of the other and there were to be semiannual accountings of profits. No time was specified for duration of the agreement. Thereafter efforts were made to interest third parties to advance up to $50,000 to be used in the business. Elias had been an acquaintance of Mr. and Mrs. Thomas for a number of years. Mrs. Thomas solicited money from plaintiff and gave him a receipt reading as follows: "Sept. 11th, 1951. To Whom It May Concern: I have received from Lou Elias ($4500.00) Forty-five hundred dollars to be deposited in a special account in the main branch of the Bank of America at Fresno, Calif. for the sole purpose of buying dairy cattle to be auctioned off at the Erwin Sales Yard at Riverdale each Saturday if purchases seem feasible. I will assure the above amount to be paid back at the end of six months if Mr. & Mrs. Elias so desire. s/Katherine N. Thomas." Appellant contends that it was Mrs. Thomas and not plaintiff who invested the money and that plaintiff was a stranger to the transaction. The contention is not tenable. The court was warranted in construing the receipt given by Mrs. Thomas as in the nature of a guaranty made on her own behalf and not on behalf of Thomas and Erwin. Plaintiff's action is not based upon his agreement with Mrs. Thomas. The writing was not an agreement with the joint adventurers that plaintiff would not withdraw his money for a period of six months.

There was ample evidence to support the finding that plaintiff contributed the money for the use of Erwin and Thomas. Admittedly plaintiff did not deal directly with Erwin. There was evidence that the arrangement was made through Mr. Thomas, Mrs. Thomas and Mrs. Erwin. ■ Appellant contends there was no evidence that Mrs. Thomas and Mrs. Erwin were acting on behalf of the joint adventurers. We find the evidence to be sufficient to support the court's finding. Plaintiff testified that both Mrs. Thomas and Mrs. Erwin promised that his money would be placed in a special account

in the bank and that purchases would be made for his account; that when sales were made the amount of the cost would be placed in the investor's account and any profit would be divided 50 per cent to the yard and 50 per cent to the investor; if no profit was made, the investor would still be paid 3 per cent on the amount invested. Mr. Thomas had full knowledge of this arrangement and as one of the joint adventurers his knowledge was that of his coadventurer, Erwin. Moreover, there was evidence which justified inferences that Erwin had actual knowledge of the agreement and that both joint adventurers ratified the arrangement their wives had made with plaintiff.

There was no agreement respecting the right of plaintiff to withdraw his money. Such right as he had would therefore derive from the legal relationship of the parties. Upon the facts pleaded and found the relationship of joint adventurers was created. Plaintiff advanced money, Thomas and Erwin contributed services and the profits of the enterprise were to be divided. These were the essentials of a joint venture (*Nelson* v. *Abraham,* 29 Cal.2d 745, 749 [177 P.2d 931]); no time was specified for the duration of the enterprise. Ordinarily, in the absence of express agreement, the joint venture would continue for such time as the parties had in mind for the accomplishment of its purposes. (*Iron etc. Co.* v. *American Milling etc. Co.,* 115 Cal.App. 238, 248 [1 P.2d 1008]; 48 C.J.S. 820.) While it would seem probable that the parties intended that the sum contributed by plaintiff would be used in a revolving fund, there was no evidence and no finding to that effect. Plaintiff complied with his agreement to the extent of allowing his money to be used for the purchase of cattle. It was not contended by the defendants that he breached his agreement by not allowing it to be used for additional purchases. However, even in the absence of an agreement that plaintiff might withdraw his funds after they had been used once, other facts found by the court justified his withdrawing them. It was of the essence of the agreement that plaintiff's funds were to be kept in a separate account and not commingled with other funds of the defendants; also that all cattle were to be purchased and earmarked for plaintiff's account and that at all times there would be on hand either cash or cattle equivalent to the amount of plaintiff's contribution plus his share of any accumulated profits. Plaintiff would thus have security; his funds would be kept segregated and the cattle purchased for

his account could always be identified, thus insuring him not only of the identity of his capital but also the identity of profits derived from an operation distinct from the general business of the defendants. Thomas and Erwin violated the agreement in both respects. Both plaintiff's funds and his cattle were commingled with other funds and other cattle; thus he was without security. This violation of the agreement in material respects justified plaintiff in withdrawing from the venture and demanding the return of his contribution.

One who is not himself in default may withdraw from a joint venture upon the breach in material respects of the joint venture agreement by his associates. (*Menefee* v. *Oxnam*, 42 Cal.App. 81, 86 [183 P. 379]; 48 C.J.S. 821; 30 Am.Jur.)

Under ordinary circumstances one joint adventurer may not sue his associate for the return of money contributed to the joint venture except by action for dissolution and an accounting. It is unnecessary to consider whether the facts of the present case bring it within an exception to the general rule. The point was not made in the court below and it is not urged on appeal. The findings which established plaintiff's right to recover had ample support in the evidence and warranted the judgment against Worcester Thomas and Paul E. Erwin.

There is one additional point to be considered. Prior to the trial it was shown by affidavit that the attorneys who were representing plaintiff were at the same time representing Worcester Thomas and Katherine Thomas in an action in the municipal court against Paul E. Erwin and Helen Erwin involving the operation of the cattle sales yard in Riverdale. A motion was made to vacate the setting of the case for the reason that defendants Thomas were indispensable parties and had not appeared in the action. Before the motion was heard Thomas and wife filed an answer in propria persona which was prepared by one of plaintiff's attorneys and verified before the other. When the case came on for trial defendants Erwin moved to dismiss the action upon the ground of collusion between plaintiff and defendants Worcester and Katherine Thomas. The basis of this claim was that plaintiff's attorneys, being also attorneys for Thomas and wife in another action, could, through dominating the course of the trial as between plaintiff and defendants Thomas, work some sort of fraud upon Erwin and wife. One of plaintiff's attorneys, while conceding that he had acted in the municipal court case for Mr. and Mrs. Thomas, informed the court that plaintiff

and Mr. and Mrs. Thomas fully understood the situation and had given their written consent that he might represent plaintiff in the present action notwithstanding his representation of them in the municipal court action. His statement was not disputed. The court denied the motion to dismiss the action.

The briefs of appellant, in major part, are devoted to an argument that he was deprived of a fair trial by means of a collusive agreement between plaintiff and Mr. and Mrs. Thomas to fasten liability upon appellant and his wife. We are unable to follow appellant's devious argument. It is an earnest but futile attempt to fit a square peg into a round hole. In the first place only Mr. and Mrs. Thomas could object to the attorneys' representation of plaintiff. They made no objection; plaintiff was satisfied. It was to plaintiff's interest to fasten liability upon Mr. and Mrs. Erwin; it was to the interest of Mr. and Mrs. Thomas that Mr. Erwin at least be held liable to plaintiff. ▇ When the interests of litigants are identical they usually join in their efforts in the course of the litigation to accomplish a common purpose. Such cooperation and common effort is not collusion, which implies "a playing into another's hands for fraud or deceit." The record is devoid of anything that would justify even a suspicion that the conduct of plaintiff or defendants Thomas or their attorneys was in any respect improper or subject to criticism. The authorities on the point cited and discussed by appellant are wholly irrelevant.

The court first found that Mrs. Erwin was guilty of fraud and upon that finding rendered judgment against her for a portion of the sum involved. Although the amended complaint in the second cause of action accused Mrs. Erwin of fraud the court unaccountably made no finding upon this cause of action. We assume that the court reversed its judgment upon this issue since Mrs. Erwin was not held liable. Although no finding was made one way or the other the result is that Mrs. Erwin was acquitted of the charge of fraud.

The judgment rendered upon the new findings superseded the original judgment. The appeal from the original judgment is dismissed. The judgment entered May 22, 1953, is affirmed.

Wood (Parker), J., and Vallée, J., concurred.