[Civ. No. 21651. Second Dist., Div. Three. Oct. 24, 1956.]

INA SCHONCITE BARLIN, Appellant, v. BENJAMIN BARLIN, Respondent.

BENJAMIN BARLIN, Respondent, v. INA SCHONCITE BARLIN, Appellant.

Bertram S. Harris and Alvin Gershenson for Appellant.

Jerome Weber and David Hoffman for Respondent.

VALLEE, J.—Appeal from parts of a judgment in consolidated actions for money alleged to have been lent and for a divorce.

Benjamin Barlin brought an action (624730) against Ina Schoncite Barlin for money lent in two counts: (1) that he had loaned $20,000 to defendant, only $7,243 had been repaid, leaving a balance due and owing of $12,787; and (2) he had loaned an additional $11,000 to defendant, no part of which had been repaid, and there was due and owing to him the sum of $11,000.

Ina filed an answer and counterclaim, denying she was indebted to Benjamin. She pleaded affirmatively that she, Benjamin, and one Sidney Wolfe were engaged in a joint venture, the $20,000 was advanced to the joint venture, and profits and losses were to be shared alike. As to the second count she pleaded the $11,000 was neither loaned to her nor advanced to the joint venture for any purpose whatever. In her counterclaim she alleged that upon the repayment of moneys advanced by Benjamin, along with his share of the profits arising out of the joint venture, she overpaid him $5,344.62 through error; and that upon her demand for repayment, he refused to pay. She prayed for a judgment against him in the sum of $5,344.62. As her second counterclaim, she alleged that on February 4, 1954, the joint venture was terminated by mutual consent of the parties and the business was dissolved.

Ina was the owner and operator of a retail jewelry store in Beverly Hills. Sidney Wolfe was an expert diamond cutter and dealer in the purchase of diamonds and other valuable gems. Benjamin was an entrepreneur. On January 1, 1953, the three entered into a joint venture for the purchase and sale of jewelry on these terms and conditions: (1) Benjamin was to advance all necessary funds for the purchase of the jewelry; (2) Wolfe was to locate and purchase the jewelry with the funds advanced by Benjamin; (3) Ina was to sell the jewelry through her retail store; and (4) the profits and losses of the venture were to be shared equally.

Benjamin advanced $20,010 to Wolfe for the purchase of five or six pieces of jewelry. Wolfe bought the jewelry and left it with Ina for sale. Certain pieces of the jewelry were

sold and the profits were divided equally. One piece purchased for $1,525 never was sold and Ina has it. Another item was sold for $8,250 plus taxes, towards which Ina advanced $1,200 for additional diamonds. She was not reimbursed for the $1,200. The customer paid $3,200 on account, leaving a balance of $5,050, plus taxes in excess of $1,000. Ina brought an action in her own name against the buyer for the amount owed. The $8,250 to be derived from the sale of the latter piece of jewelry, when paid in full, plus the unsold item for $1,525, constituted the assets of the joint venture on its dissolution.

In October 1953 Ina and Benjamin married. The joint venture continued until February 4, 1954, when they separated. On February 11, 1954, Benjamin instituted the action (624730) for money alleged to have been lent Ina.

On February 16, 1954, Ina commenced the action (D-464637) for divorce against Benjamin. He answered and cross-complained for annulment. The two actions were consolidated.

The trial court found: 1. Ina was not indebted to Benjamin under the first count for money lent but that a joint venture existed between Benjamin, Ina, and Wolfe; the profits and losses of the venture were to be divided equally; Ina took over all of the remaining property of the venture; Benjamin advanced certain money to the venture and Ina is now indebted to him in the sum of $5,045. 2. The $11,000 alleged in the second count was not advanced to the joint venture nor loaned to Ina. 3. Ina did not overpay plaintiff. 4. By reason of the method of doing business by the joint venture, no accounting was necessary between the parties; the joint venture was by mutual consent and agreement terminated and dissolved on February 4, 1954, and that upon such dissolution Ina became indebted to Benjamin in the sum of $5,045, which has not been paid.

One judgment was rendered in the consolidated actions. It decreed: (1) Ina is entitled to a divorce from Benjamin; (2) Benjamin shall recover $5,045 from Ina; (3) Benjamin shall pay Ina's attorneys $2,800 as attorneys' fees and that the amount shall be paid as follows: Ina shall deduct the $2,800 from the $5,045 awarded to Benjamin in the action for money lent and pay the money to her attorneys and pay the balance of $2,245 to Benjamin. (4) Benjamin shall take nothing on the second count in the action for money lent; (5) Ina shall take nothing by reason of her first and second

counterclaims; and (6) each of the parties shall bear his or her own costs except to the extent of costs theretofore paid by Benjamin in the divorce action. Ina appeals from the part of the judgment which awards Benjamin $5,045, and the parts which deny her counterclaim for moneys alleged to have been overpaid to Benjamin, provide the manner of payment of attorneys' fees, and decree that each party is to bear his or her own costs.

The assignments of error are: 1. The court erred in rendering judgment in favor of Benjamin for $5,045 when it found that a joint venture existed. 2. The court erred in not awarding her costs in the action for money lent. 3. The court erred in adjudicating the rights of the parties which arose out of the joint venture since Sidney Wolfe was not made a party to the action. 4. The court erred in not rendering judgment in her favor for certain sums of money allegedly advanced by her to Benjamin outside the joint venture. 5. The court erred in setting up terms and conditions for payment of her attorneys' fees.

Ina's first assignment of error is based on the premise that a joint adventurer is not entitled to sue another member at law until an accounting has been had and it has been determined that the other is indebted to him.

 Under ordinary circumstances one joint adventurer may not sue his associate for the return of money contributed to the joint venture except by an action for dissolution and an accounting. (*Elias* v. *Erwin,* 129 Cal.App.2d 313, 318 [276 P.2d 848].) Where the venture has been terminated and dissolved and one of the joint adventurers is entitled to a sum certain, he may sue another at law for a breach of the contract or for a share of profits or losses or for a contribution for advances made in excess of his share. (*Elsbach* v. *Mulligan,* 58 Cal.App.2d 354, 369-370 [136 P.2d 651].)

The court found an accounting was not necessary, the joint venture was terminated and dissolved by mutual consent, and Ina is indebted to Benjamin in the amount of $5,045. We cannot say the evidence does not support these findings. Ina says there is no basis in the evidence for the figure $5,045. The findings are presumed to be supported by the evidence. The burden is on her as appellant to show they lack evidentiary support. This she has not done. The most she says is that the manner in which the court arrived at the figure $5,045 is "a complete mystery." This is not enough. She must show that under no possible view of the evidence

could the court have arrived at that figure. The record is deficient. Numerous exhibits were introduced in evidence, including financial statements, statements of account, a ledger sheet, cancelled checks, and income tax returns. None of them is here. It appears that the testimony of one witness, Fleming, is not in the reporter's transcript. We are unable to say from the maze of figures that do appear in the record that the figure $5,045 is not supported by the evidence. Ina further claims the court should not have awarded judgment in favor of Benjamin for any amount without an accounting. Since the venture has been terminated and dissolved and the court found that Benjamin was entitled to a sum certain, he was entitled to sue at law therefor. The court did not err in adjudging that an accounting was unnecessary.

▮ Nor did the court err in not awarding costs to Ina in the action for money lent. The judgment in that action was in favor of Benjamin and he was entitled to costs. (Code Civ. Proc., § 1032.) He is not complaining because costs were not awarded to him.

▮ Since the court found that the joint venture had been terminated and dissolved by agreement of the joint adventurers prior to the commencement of the action for money lent; that an accounting was unnecessary; and that it was Ina, not Wolfe, that was indebted to Benjamin, Wolfe was not a necessary party to the action.

We cannot say the court erred in not rendering judgment in favor of Ina on her counterclaim for $5,344.22 alleged by her to have been paid Benjamin out of the moneys of the joint venture through error. She says now the amount should be $3,318.41. The effect of the judgment is to vest title in Ina to the two pieces of jewelry remaining in her possession and to award Benjamin judgment against her for $5,045. The argument of appellant is not persuasive. It is largely based on her erroneous premise that the court should have ordered an accounting. Examination of her computations in the light of the record shows them to be erroneous in several respects. No purpose would be served in attempting to reconcile all the various transactions between the parties. Many of them were outside the joint venture and apparently between them as husband and wife.

As noted, the court ordered Benjamin as defendant in the divorce action to pay Ina's attorneys $2,800 as attorneys' fees; and ordered that the amount be paid by Ina by deducting it from the judgment for $5,045 in favor of Benjamin in the

action for money lent, and pay it to her attorneys. The argument in support of the claim that the manner of payment is erroneous seems to be that section 137.5 of the Civil Code gives Ina's attorneys "the right of judgment" for attorneys' fees and that Benjamin should have been ordered to pay the full amount to them. Ina's attorneys had no "right of judgment." ▮ Whether attorneys' fees in a divorce action will be made payable to a party or to his attorney is a matter in the discretion of the trial court. "Such fees may, in the discretion of the court, be made payable, in whole or in part, to the attorney." (Civ. Code, § 137.5.) The court merely set off Benjamin's obligation to Ina against her obligation to him. We find nothing improper in its doing so.

The parts of the judgment appealed from are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.