George J. SCHAEFER, Appellant,

v.

Milton J. GUNZBURG, Natural Vision Corporation, Natural Sound Corporation, Natural Vision Theatre Equipment Corporation, Vera Gunzburg, Julian Gunzburg, Samuel Gunzburg and Rose Berch, Appellees.

No. 15208.

United States Court of Appeals
Ninth Circuit.

April 26, 1957.

———◆———

Harry L. Gershon, Beverly Hills, Cal., Fitelson & Mayers, New York City, for appellant.

Mitchell, Silberberg & Knupp, Arthur Groman, Los Angeles, Cal., for appellees.

Before STEPHENS, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

There is but one question in this case. Plaintiff contends he was deprived of a jury trial, to which he was entitled in virtue of the Seventh Amendment to the federal Constitution. The cause was tried in the District Court upon specified issues by the judge alone, sitting without a jury. The judge entered findings of fact and conclusions of law in favor of defendants and against plaintiff, and dismissed the suit on the merits. Before this Court, plaintiff emphatically states:

> "On this appeal, it is not contended that the evidence is insufficient to support the pertinent Findings of Fact or that such Findings of Fact are clearly erroneous."

Baldly, plaintiff contends that, although there was a perfectly fair and impartial trial, where he was allowed to present all the evidence he desired on the segregated issue, and where he lost, the whole trial must be held again before a jury. Since trial by jury is guaranteed by the federal Constitution, in "actions at law" we must perforce deal with the ancient distinction between such actions and "suits in equity,"[1] notwithstanding

---

1. The Seventh Amendment preserves the right to jury trial which existed under the common law when the Amendment was adopted. Shields v. Thomas, 18

the fact that, for purposes of pleading and procedure in the federal courts, the distinction has been nullified.

The parties are in agreement that this question can be determined at the threshold on the face of the complaint.

If this be the test, the trial court was exact in striking out the demand for jury trial, and the decree must be affirmed. Plaintiff set out a perfect bill in equity under code procedure or the modified chancery practice prevalent in this country for the last fifty years at least. To this, plaintiff appended the utterly misleading caption, "Complaint for Breach of Contract—Demand for Jury Trial," which is belied by practically every phrase in the bill and the prayer. The demand for jury trial at the conclusion is an anomaly. These factors could only lead to confusion.

There has been great debate in the settlement of the questions as to (1) whether the body of the complaint, without the prayer, should be the basis for determination, or (2) whether the complaint should be considered as a whole.[2] Either method leads to exactly the same result in this case.

The body of the complaint pleads the existence of a partnership between Schaefer and Gunzburg. It sets up the acquisition of certain properties, rights and various assets, tangible and intangible, to be held for the benefit of the alleged partnership. It is pleaded in the form and style of a code bill in equity. It complains, partially by positive allegations but generally on information and belief, of violation of rights of plaintiff. But the whole tenor of the document is to treat the alleged partnership as a continuing and going concern where one of the partners is concealing and secreting the assets and acquisitions from the other. Specifically, the body of the complaint contains no allegation that the breach of the partnership relation "caused damage to plaintiff in the sum of $3,500,000.00."[3] Such an allegation is the traditional and accepted earmark of an action at law. It is alleged in the body of the complaint, "Forty-fourth: Plaintiff does not have any adequate remedy at law," which is the traditional and accepted earmark of a suit in equity.[4]

How. 253, 59 U.S. 253, 262, 15 L.Ed. 368; Dimick v. Schiedt, 293 U.S. 474, 476, 55 S.Ct. 296, 79 L.Ed. 603; Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 657, 55 S.Ct. 890, 79 L.Ed. 1636. The prayer for relief was treated as a part of the bill, 1 Daniell's Chancery Pleading and Practice (1894), p. 315, and the prayer for relief was construed formalistically in determining in which forum the cause lay. See Lockhart v. Leeds, 195 U.S. 427, 436–437, 25 S.Ct. 76, 49 L.Ed. 263; Tayloe v. Merchants' Fire Insurance Co. of Baltimore, 9 How. 390, 50 U.S. 390, 406, 13 L.Ed. 187.

The fact that there is a controversy regarding the function of the prayer under Rule 2, Federal Rules of Civil Procedure, 28 U.S.C.A., need not concern us. Compare, Williams v. Collier, D.C., 32 F.Supp. 321, 324; Johnson v. Gardner, 9 Cir., 179 F.2d 114, 117, certiorari denied 339 U.S. 935, 70 S.Ct. 661, 94 L.Ed. 1353; Ring v. Spina, 2 Cir., 166 F.2d 546, 549, certiorari denied, 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368, with 2 Barron and Holtzoff, Federal Practice and Procedure (1950) § 873.

The intent of the pleader, sometimes noted modernly to be inferable from the prayer, see Ring v. Spina, supra, is not a proper test in this field. Here, the intent may have been ambiguous.

**2.** See Note 1, supra.

**3.** In cases where equity exercises concurrent jurisdiction, it is postulated that there is a legal right and that a remedy at law of a similar nature is available. The decisive point is that the court of equity must determine that the legal remedy is inadequate. Pomeroy, Equity Jurisprudence (5th Ed., 1941) §§ 139, 231. The District Court here construed the complaint as a bill in equity and determined that the legal remedy was inadequate, as plaintiff alleged it to be.

In Bruckman v. Hollzer, 9 Cir., 152 F. 2d 730, the District Court had decided that a separate count stating a legal cause of action on that phase of the total controversy was adequate and granted a jury trial. This Court simply affirmed the action of the trial court.

**4.** In Johnson v. Fidelity & Casualty Co. of New York, 8 Cir., 238 F.2d 322, it

It may be observed that such reasoning is abstruse and technical. But the demand of plaintiff is technical. The matter can only be solved by a technical analysis of the complaint in the light of the distinction between law and equity. Since plaintiff has appealed to the sword of technicality, he might find a sword may deal blows as well as parry them.

■ Plaintiff insists that the prayer be not considered. There are expressions in the books, especially modernly, that the prayer is no part of the complaint. Under the federal rules, the prayer is usually of slight consequence, since the court is entitled to give whatever relief to which the plaintiff may be entitled.[5] The chancery courts acted similarly if the orator included a prayer with exactness, as plaintiff did here, that it be adjudged that Schaefer "shall have such other and further relief as shall be just and proper in the premises."[6]

Since this is a technical field, this Court must consider the prayer, as the books of that antique era say, "for the purpose of characterizing the declaration or bill." The prayer of a declaration at law consisted of a "demand" for a specific sum in dollars as "damages." This complaint does not do so, but prays for damages as an incident of numerous forms of purely equitable relief, namely, that it be adjudged that (1) "Schaefer is a partner" "entitled to share equally" "all profits and proceeds and assets, including the goodwill and name, Natural Vision, of such partnership enterprise," (2) that he is "the true owner of one-half" of the stock of various corporations, (3) that the partnership and all these alleged corporations be adjudged dissolved and the assets of all be sold, (4) that Gunzburg "should account to" Schaefer, (5) that Gunzburg and other individuals and corporations are "trustees ex maleficio in respect to any and all assets," etc., "which have been wrongfully diverted to and received by each" and "shall render full accounting" therefor, (6) that such persons and corporations "restore and pay over to such Natural Vision partnership enterprise any and all assets, profits and all effects wrongfully diverted to and withheld from such Natural Vision partnership," (7) that "the properties and profits of this partnership enterprise, after payment of the partnership debts and liabilities, be divided equally between" plaintiff and Gunzburg, "according to their respective interests," (8) that interest shall be paid to plaintiff "on all sums found, upon such accountings, to be due and payable to plaintiff," (9) that Gunzburg "pay plaintiff damages in the sum of at least" $3,500,000.00 with interest from March 30, 1953, (10) that defendants be enjoined, pending trial and permanently thereafter, from disposing of the assets "of such Natural Vision partnership enterprise, including any secret gains," (11) that a receiver of the assets be appointed pending trial and thereafter "of such Natural Vision partnership enterprise," and, finally, (12) that plaintiff Schaefer "shall have such other and further relief as shall be just and proper in the premises."

It only remains for this Court to compliment counsel for plaintiff for this exposition of perfect mastery of the lost art of pleading in chancery.

was held that an allegation in a declaratory petition of the absence of remedy at law and a prayer for other and further relief as may be necessary did not bind a defendant who had a right to jury trial on some of the issues raised by the complaint. Compare, however, Arnstein v. Twentieth Century Fox Film Corporation, D.C., 3 F.R.D. 58, 59, where such an allegation was relied upon, inter alia, to determine the equitable nature of the pleading. Cf. Young v. Loew, D.C., 2 F.R.D. 350, 351.

5. It is to be noted, however, that Rule 54 (c), Federal Rules of Civil Procedure, restricts the kind and amount of relief grantable by the court in a judgment on default. In such a case, an inquiry such as the trial court pursued here would be pertinent.

6. Tayloe v. Merchants' Fire Insurance Co. of Baltimore, 9 How. 390, 50 U.S. 390, 405, 13 L.Ed. 187; Lockhart v. Leeds, 195 U.S. 427, 437, 25 S.Ct. 76, 49 L.Ed. 263.

There are certain other features upon which rulings should be made. Neither party is entirely disingenuous in the suggestion that the decision should be made on the face of the complaint. Each has another string to the bow. Plaintiff claims the court segregated legal issues alone and tried these, and therefore must have called a jury in accordance with his demand. Defendant, in addition, claims that, even if there were a right to trial on certain legal issues, plaintiff waived this right by later conduct.

■ The question of whether the prayer for relief can be used to characterize the nature of the complaint as legal or equitable has already been considered. A variation of the argument that the complaint may contain legal and equitable claims is now urged by plaintiff. It is contended that, if any legal causes of action were included, these must have been segregated and tried by jury. In certain cases, this principle has been applied. But, in the cases where chancery assumed jurisdiction because the main complaint required equitable relief, that tribunal traditionally awarded damages as incident thereto.[7] This rule has not changed. As pointed out above, the damages prayed for were incidental.

■ In cases which arise from a petition for a declaration of rights, the plaintiff cannot force a defendant to try a cause of action at law which he possesses before a court without a jury simply because the petition asks equitable relief.[8] In the former practice in equity, the court could not have tried such issues of law as it can now. Such actions of law might have been enjoined temporarily or permanently. But, if tried, these

must necessarily have been tried by a jury in another court. The same principle is recognized today, but the one court may now dispose of legal and equitable causes. Therefore, if a defendant has such a legal right, the court, after the equitable issues are disposed of, proceeds to trial of the legal issues with a jury, or perhaps tries both simultaneously.

■ Likewise, a joinder of legal claims with equitable claims will not deprive plaintiff of a right to trial of the former by jury. But there are many situations such as we have here, where an issue such as the existence of a partnership might lie at the basis of an action at law for damages or a suit for equitable relief, such as injunction, receivership and accounting, to the partnership or reclamation of the partnership property from one of the alleged partners.

■ This Court is firmly committed to the doctrine that the constitutional right to jury trial should not be eroded by a flow of decisions giving force to dubious waivers and rationalized construction of the Federal Rules of Civil Procedure.[9] However, it is not the purpose to expand the strict concept of a law action by rationalization beyond that covered by the constitutional guaranty.

The technician who drew the complaint in this case had the ability to plead a common law action for specific damages for repudiation of partnership obligation.[10] Instead, he pleaded a bill in chancery, in which all damages could be assessed and traditionally have been assessed by the Chancellor as an incident to the equitable remedy.

■ The trial court segregated the issues and directed trial as to the rela-

7. Camp v. Boyd, 229 U.S. 530, 551–552, 33 S.Ct. 785, 57 L.Ed. 1317; 1 Pomeroy, Equity Jurisprudence (5th Ed., 1941) § 231.

8. Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208.

9. Bruckman v. Hollzer, 9 Cir., 152 F.2d 730; United Press Associations v. Charles, 9 Cir., 245 F.2d 21.

10. See, stating exceptions to the general rule that a partner may not sue a co-partner except in equity. Laughlin v. Haberfelde, 72 Cal.App.2d 780, 165 P.2d 544; Wilson v. Brown, 96 Cal.App. 140, 143, 273 P. 847; Barlin v. Barlin, 145 Cal.App.2d 390, 302 P.2d 457 (joint venture).

tionship between plaintiff and Gunzburg and the existence and nature of the agreement, if any, between them. Plaintiff says these are issues at law. But, obviously, the court was bound to determine such issue in order to find whether there was basis for consideration of the issues concerning injunction, receivership, trustee ex maleficio, accounting for the partnership property and the equitable defense of unclean hands.[11]

In effect, if the claim of plaintiff is correct, there could never have been a suit in equity for the relief asked for in this complaint without a jury trial upon the question of whether there was a partnership or not. We hold the judge had the power to determine these issues without a jury, for the purpose of giving plaintiff the equitable relief demanded if a partnership were found to exist.[12]

■ Defendant says that plaintiff was not entitled to jury trial because of waiver and because the defense of "unclean hands" was proven by the testimony of plaintiff himself. The cases show that, once the right of jury trial is claimed in a law action, in accordance with the Rule,[13] denial thereof is ground for reversal.[14] Without weakening these holdings, here the actions of plaintiff laid a procedural trap for the trial judge. This is not intended as a reflection upon counsel, who has acted courteously and ethically throughout.

■ However, about a year after the court had segregated the issues for trial and had struck the demand for jury trial, plaintiff filed an amended complaint for the purpose, then stated and still maintained, of clarifying the original complaint.[15] In this document, the allegation that "Plaintiff has no adequate remedy at law" was repeated, but the demand for jury trial, stricken out of the original complaint by the court, was not renewed. At the trial, plaintiff neither renewed his demand nor objected to trial by the judge of the segregated issues. Under the circumstances, we believe not that there was a waiver, but that plaintiff led his opponents and the trial judge to believe he acquiesced in the interpretation placed upon his initial pleading. He went to trial. He did not again raise the point there. He lost. We hold that the original complaint contained only the elements of a bill in chan-

11. A well recognized branch of equity jurisdiction is denominated "concurrent." This embraces causes where the primary right, the estate, title or interest, which is the foundation of the suit is legal and some remedy of the same general nature as that given by equity can be obtained at law. Once equity acquires jurisdiction where an alleged partnership is involved, that basic issue must be there demined and a decree will be entered for final winding up and settlement of all partnership matters. The most frequent exercises of concurrent jurisdiction by equity are those which involve accounting and discovery as to alleged hidden assets. Each of these elements is involved here.

12. "It has also been objected, that the plaintiff had an adequate remedy at law, and was not, therefore, under the necessity of resorting to a court of equity; which may very well be admitted.

"But it by no means follows from this, that a court of chancery will not entertain jurisdiction. * * * No doubt, a count could have been framed upon the agreement to insure, so as to have maintained the action at law. * * * The party, therefore, had a right to resort to a court of equity * * * and being properly in that court * * * it is according to the established course of proceeding * * * to proceed and give such final relief as the circumstances of the case demand." Tayloe v. Merchants' Fire Insurance Co. of Baltimore, 9 How. 390, 50 U.S. 390, 405, 13 L.Ed. 187.

13. Rule 38(b), Federal Rules of Civil Procedure.

14. Monolith Portland Midwest Co. v. Reconstruction Finance Corporation, 9 Cir., 240 F.2d 444; Dickinson v. General Accident Fire & Life Assurance Corporation, 9 Cir., 147 F.2d 396; Bowie v. Sorrell, 4 Cir., 209 F.2d 49, 43 A.L.R.2d 781.

15. "The amended complaint also contained a common count for the reasonable value of services rendered, which is not in issue on this appeal." Appellant's opening brief, page 8.

cery and that the trial court was correct in denying trial by jury.

Judgment of dismissal on the merits is affirmed.