513 P.2d 730 (1973)
Janet BONER et al., Plaintiffs-Appellees,
v.
L. C. FULENWIDER, INC., Defendant-Appellant.
No. 72-288.
Colorado Court of Appeals, Div. II.
August 14, 1973.
*731 Berge, Martin & Clark, William G. Berge, Bruce D. Pringle, Denver, for plaintiffs-appellees.
Dayton Denious, William P. Denious, Denver, for defendant-appellant.
Selected for Official Publication. 
SMITH, Judge.
Defendant, L. C. Fulenwider, Inc., appeals from a judgment entered in favor of plaintiffs, Janet Boner, William Conter, Larry A. Malsam, C. Crady Davis, Lloyd E. Chamberlain, and Milo M. Jensen, in an action to recover damages for breach of a real estate syndication agreement.
On July 26, 1962, thirteen individuals and the defendant executed a written agreement creating the Myrtle Hill Park Syndicate. The purpose of the syndicate was to purchase certain real property and develop it into a shopping center. The agreement provided that each member of the syndicate was to make an initial capital contribution in return for which each member would receive a percentage interest in the venture equal to its portion of the total contributions. The total initial capital contributions from the members was to be $203,000. Pursuant to the agreement, defendant was to contribute $40,333, and receive 19.8% interest. It was agreed that defendant would act as an agent for the syndicate in developing the property.
During the period that the syndicate was being created, defendant Fulenwider was in the process of assembling certain parcels of land in a nominee corporation. Subsequent to the formation of the syndicate, defendant, on behalf of the syndicate, purchased the property from the nominee corporation. As a result of this transaction, defendant charged the syndicate a $46,000 commission which defendant and three of its employees (also members of the joint venture) subsequently divided. Defendant credited $23,000 toward its initial capital contribution and the three employees each credited $7,666, toward their required contribution.
In 1964, the syndicate experienced difficulties in obtaining leasing commitments for the proposed shopping center, and, as a result, could not obtain financing for construction. Because of these difficulties, the members decided to sell the property and wind up the syndicate. The assets of the syndicate were subsequently distributed *732 to the members of the syndicate in accordance with their respective percentage interest.
On September 7, 1966, plaintiffs brought this action alleging that the defendant had breached the real estate syndication agreement by receiving the $46,000 commission and by the unauthorized expenditure of funds in the development of the shopping center. Plaintiffs prayed for damages and an accounting. Trial of the case was to the court which at the close of plaintiffs' evidence dismissed the claim for an accounting and the claim concerning the unauthorized expenditure of funds. The trial court entered judgment in favor of plaintiffs on their remaining claim and awarded damages in the amount of $20,394. The defendant has appealed.
Defendant contends that the plaintiffs cannot maintain this action for damages because they failed to join all the members of the syndicate. Seven of the fourteen members of the syndicate were not joined as parties. Defendant asserts that plaintiffs, as individual members of the syndicate, cannot maintain an action for damages against another member unless there has been an accounting. This is a correct statement of the law applicable to a partnership. See Mumm v. Adam, 134 Colo. 493, 307 P.2d 797. However, the business association involved herein is a joint venture rather than a partnership. A joint venture is a special combination of two or more persons where, in some specific venture, a profit is jointly sought without any actual partnership or corporate designation. Edwards v. Harris, 397 P.2d 87 (Wyo.). The purpose of the syndicate was the single transaction of developing the shopping center. There was not a continuing association for business purposes. As such, the real estate syndicate constituted a joint venture. See Lasry v. Lederman, 147 Cal.App.2d 480, 305 P.2d 663; Lane v. Wood, 259 Mich. 266, 242 N.W. 909. Where a joint venture has been terminated, one member thereof may maintain an action for damages against another member without a formal accounting. Barlin v. Barlin, 145 Cal.App.2d 390, 302 P.2d 457; McCulloh v. Doyle, 40 N.M. 126, 55 P.2d 739. Although they have similar claims arising out of the same transaction, an action at law by one member of a joint venture against another may be brought without joining the other parties as plaintiffs, if the one member's right is distinct and separate from the others. See Beckwith v. Talbot, 2 Colo. 639. Here, plaintiffs brought this action to recover their respective shares of an ascertained sum. Under the circumstances, the action was properly maintained. Wetzberger v. McJunkin, 171 Okl. 528, 43 P.2d 729.
A critical issue at trial was whether defendant received any money from the syndicate for the commission. The court found against the defendant on this issue. Defendant's contention is that this finding by the trial court is manifestly against the weight of the evidence. We disagree.
It is undisputed that, based upon the commission charged the syndicate, defendant received a $23,000 credit toward its initial capital contribution. Upon the basis of this credit, and its cash contribution, defendant, in the winding up of the syndicate, received its full percentage interest, 19.8% of the distributed assets of the venture.
Thus, although defendant received no money at the time the commission was charged, it did receive a credit to its capital account and thereby, at the winding up of the syndicate, it received an amount equivalent to the commission. The court's finding is therefore clearly supported by the evidence and may not be disturbed. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
Unless the contract provides for it, a member of a joint venture is not entitled to any compensation, aside from its share of the profits, for services rendered. Dugan v. Pettijohn, 134 Cal.App.2d 133, 285 P.2d 339; Elliott v. Murphy Timber Co., 117 Or. 387, 244 P. 91. See also Peck v. Alexander, 40 Colo. 392, 91 P. 38. Evidence in the record supports the findings *733 that there was no agreement to pay defendant a commission for its services and that the defendant was not to receive a credit on its capital contribution for its services. Under the circumstances, the court properly held that the defendant breached the contract.
Defendant also contends that the trial court erred in the computation of damages. In measuring plaintiffs' damages, the court combined the $185,669, which was distributed to the syndicate members upon winding up, with the $46,000 commission which defendant and its agents credited to their capital accounts. From the total amount which should have been distributed, the court determined that plaintiffs' interest was $102,710. Plaintiffs had received $82,316 in the distribution; and the court awarded, as damages, the difference, $20,394. The measure of damages for a breach of an agreement where the parties are to contribute capital and are to share profits is the share the party would have received if the contract had been carried out. See Riedel v. Brent, 149 Colo. 194, 368 P.2d 771. The trial court properly determined the amount to which plaintiffs were entitled because of the breach of the contract.
Defendant asserts, however, that plaintiffs are not entitled to recover from it the full amount of such damages because it did not receive all of the $46,000 commission. Evidence in the record supports the finding that plaintiffs' damages were attributable to the act of the defendant in charging the syndicate the $46,000 commission. Since defendant is liable to the extent that its own acts and the acts of its agents caused the plaintiffs' injuries, the subsequent allocation of the commission between defendant and its agents does not lessen defendant's liability for plaintiffs' injuries. The court properly assessed the total amount of damages against defendant.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.