TRECO, INC. and Wisconsin Real Estate Investment Trust, Plaintiffs,

v.

LAND OF LINCOLN SAVINGS AND LOAN, Frank J. Kinst, Thomas A. Kinst, Ronald R. Drajka, Robert J. Hajek, Phillip R. Kasik, William H. Muchow, John A. Storcel, and John J. Lachajewski, Defendants.

No. 83 C 5941.

United States District Court, N.D. Illinois, E.D.

Oct. 7, 1983.

See also 572 F.Supp. 1447.

Donald R. Harris, Jenner & Block, Chicago, Ill., for plaintiffs.

Robert E. Kehoe, Jr., Wildman, Harrold, Allen & Dixon, Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

The above-captioned matter comes before the Court on plaintiffs' emergency motions for declaratory judgment and preliminary injunction seeking an order declaring certain bylaw amendments illegal and enjoining defendants from enforcing said amendments. The Court, having considered plaintiffs' motions, defendants' answer, memoranda and exhibits submitted in support of and in opposition to said motions, does hereby enter the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### Findings of Fact

1. Plaintiff Treco, Inc. ("Treco") is a Florida corporation with its principal executive office in Jacksonville, Florida.

2. Plaintiff Wisconsin Real Estate Investment Trust ("WREIT") is a common law business trust formed under the laws of the State of Wisconsin with its principal executive office in Chicago, Illinois.

3. Defendant Land of Lincoln Savings and Loan ("Lincoln") is a savings and loan association chartered under the laws of Illinois. Deposits at Lincoln are insured by the Federal Savings and Loan Insurance Corporation. Lincoln is regulated by the Federal Home Loan Bank Board.

4. The nine individual defendants are all members of Lincoln's Board of Directors.

5. Lincoln has 2,470,855 shares of stock outstanding. Treco and WREIT each own 123,000 common shares of Lincoln. Together, Treco and WREIT own approximately 9.956 percent of the outstanding common shares of Lincoln.

6. On June 22, 1983, at a meeting of the board of directors, the defendant directors amended Article XI of Lincoln's bylaws. Prior to June 22, 1983, Article XI provided:

These bylaws may be amended at any time by a two-thirds vote of the full board of directors or by a majority vote of the votes cast by the stockholders of the association at any legal meeting.

At the June 22 meeting, the defendants amended Article XI to read as follows:

These bylaws may be amended at any time by a two-thirds vote of the full board of directors, or by a two-thirds vote of the total votes eligible to be cast by the stockholders at a legal meeting called expressly for such purpose.

7. The defendants did not receive shareholder approval for this amendment to Article XI of Lincoln's bylaws.

8. Lincoln's directors are elected each year at the annual shareholders' meeting. Lincoln's next annual shareholders' meeting is currently scheduled for October 26, 1983.

9. Lincoln's existing bylaws contain no provision providing for cumulative voting. In order for the plaintiffs to obtain representation on Lincoln's board of directors based upon their stock ownership, plaintiffs must propose and have Lincoln's shareholders adopt an amendment to Lincoln's bylaws to permit cumulative voting of shares at elections for members of the board of directors.

10. A special meeting of the shareholders has been called by defendants, pursuant to order of this Court, for October 12, 1983,[1] for the purpose of voting on plaintiffs' proposal to permit cumulative voting at the October 26, 1983 annual meeting.

15. To the extent that any of the foregoing findings of fact are deemed to be conclusions of law, they are hereby adopted as conclusions of law.

### Conclusions of Law

On the above and foregoing findings of fact, the Court makes the following conclusions of law:

1. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Amended Complaint is brought pursuant to 15 U.S.C. § 78aa (Counts I, II, V, VI, and VII), 18 U.S.C. § 1965 (Count III), and the principles of pendent jurisdiction (Count IV).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa, in that the claims alleged herein arose in this district.

3. Count IV of the Amended Complaint alleges that defendant directors breached their fiduciary duty to plaintiffs by amending the bylaws to require a two-thirds vote on shareholder initiated bylaw amendments. Plaintiffs further allege that said amendments were enacted by defendants for the "purpose of perpetuating the defendant directors' control of Land of Lincoln ... and for the purpose of making it difficult or impossible for other shareholders to obtain minority representation on the Association's Board of Directors...." Amended Complaint, Count IV, ¶ 63.

4. Defendants' alleged unlawful amendment to Article XI of Lincoln's bylaws on June 22, 1983, as described in Count IV of the Amended Complaint and defendants' alleged violations of federal law described in the Amended Complaint derive from a common nucleus of operative facts. Additionally, these claims are such that plaintiffs would ordinarily expect them to be tried in one judicial proceeding. Given the important policies of conservation of judicial energy and the avoidance of multiplicity of litigation, the Court exercises its discretion, pursuant to the doctrine of pendent jurisdiction, to accept jurisdiction over plaintiffs' claim for preliminary injunctive relief. *See Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 15 L.Ed.2d 442 (1969); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

5. Plaintiffs argue that defendants' defensive tactics amount to a breach of their fiduciary duty because they were undertaken "with the intent to restrict shareholders in the exercise of their voting rights, an improper purpose under the law." Plain-

---

1. On September 21, 1983, the Court ordered defendants to convene the special meeting on October 12, 1983. On September 28, 1983, the Court modified the September 21 order by ordering the parties to adjourn the meeting on October 12 and reconvene the meeting on October 13, 1983.

tiffs' Reply Memorandum, at 16. Plaintiffs further argue that defendants' conduct is improper *per se* regardless of their motives behind the June 22, 1983 amendments. Finally, plaintiffs argue that assuming defendants' motives are relevant, "there can be no genuine issue of fact under Federal Rule of Civil Procedure 57 that the primary purpose of such amendments was to prevent the removal of the existing directors from office." *Id.* at 18.

6. Defendants argue that their decision to amend Lincoln's bylaws on June 22, 1983 was a prudent decision made in the interests of all shareholders. Defendants claim that they were "confronted with a claim transmitted through a responsible attorney that certain shareholders intended to call a special meeting of the shareholders and to discharge the directors and to liquidate the corporation." Defendants' Memorandum, at 8.

### A. *Plaintiffs' Emergency Motion for Declaratory Judgment*

7. The relief plaintiffs seek for defendants' alleged unlawful conduct described in Count IV of the Amended Complaint is an injunction prohibiting defendants from enforcing the amendments enacted at the June 22, 1983 directors' meeting. Amended Complaint, Request For Relief, at 24, ¶ F. Since Count IV seeks purely equitable relief, defendants do not have a right to a jury trial on factual questions raised in Count IV of the Amended Complaint. *Schaefer v. Gunzburg,* 246 F.2d 11, 13 (9th Cir.1957).

[redacted] 8. Admittedly, defendants have aggressively resisted plaintiffs' efforts to introduce cumulative voting at the October 26, 1983 annual meeting. Under certain circumstances, directors of a corporation are liable for breach of their fiduciary duty when they utilize corporate machinery for the purpose of perpetuating themselves in office. *See Holly Sugar Corp. v. Buchsbaum,* [1981–82 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 98,366 at 92,238 (D.Colo.1981); *Podesta v. Calumet Industries, Inc.,* [1978 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,433 at 93,560 (N.D.Ill.1978); *Coalition to Advocate Public Utility Responsibility, Inc. v. Engels,* 364 F.Supp. 1202, 1206–07 (D.Minn.1973); *Schnell v. Chris-Craft Industries, Inc.,* 285 A.2d 437, 439 (Del.1971); *Lerman v. Diagnostic Data, Inc.,* 421 A.2d 906, 914 (Del.Ch.1980); *Petty v. Penntech Papers, Inc.,* 347 A.2d 140, 143 (Del.Ch. 1975); *Condec Corp. v. Lunkenheimer Co.,* 230 A.2d 769, 775–76 (Del.Ch.1967).[2] In order to prevail on this theory, however, a plaintiff must establish that the director's improper motive (perpetuating himself in office) was the "sole or primary purpose" of his conduct. *Panter v. Marshall Field & Co.,* 646 F.2d 271, 297 (7th Cir.1981). Merely introducing evidence that "a" motive of the director was to retain control is not sufficient to rebut the normal presumption that a director's actions are undertaken in good faith. *Id.* at 294.

[redacted] 9. Contrary to plaintiffs' argument, defendants' motives for amending Lincoln's bylaws on June 22, 1983, are relevant to the instant motion. Moreover, without the benefit of discovery or a hearing, defendants' motives cannot be determined from the pleadings. At this stage, there exists a genuine issue of material fact as to the defendants' primary purpose in amending Lincoln's bylaws on June 22, 1983. Therefore, plaintiffs' emergency motion for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure is denied without prejudice.[3]

### B. *Plaintiffs' Motion For Preliminary Injunction*

10. The Court possesses broad discretion in granting preliminary injunctive relief. This broad discretion is guided by four fac-

2. Although plaintiffs have not cited any Illinois cases that impose a fiduciary duty under these circumstances, for purposes of this motion the Court will assume that Illinois law is in accord.

3. The Court is aware that both parties desire a resolution of this issue before the October 26, 1983 annual meeting. Accordingly, the Court will consider motions by either side for expedited discovery and hearing.

tors: (1) a reasonable likelihood of success on the merits, (2) irreparable harm to the plaintiff, (3) a balance of the threatened injury to the plaintiffs against harm to the defendants, and (4) the public interest. *Machlett Laboratories Inc. v. Techny Industries, Inc.,* 665 F.2d 795, 796–97 (7th Cir. 1981). The party seeking preliminary injunctive relief bears the burden of persuading the Court that each factor weighs in favor of such relief. *Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc.,* 545 F.2d 1096, 1097 (7th Cir.1976).

11. Plaintiffs have failed to demonstrate that each of the four relevant factors weighs in favor of preliminary injunctive relief. As more fully explained below, plaintiffs have failed to demonstrate a reasonable likelihood that they will prevail on Count IV of the Amended Complaint.

 12. Not one of the cases relied upon by plaintiffs hold that amending a corporation's bylaws to require a two-thirds vote for shareholder initiated bylaw amendments constitutes a *per se* violation of a director's fiduciary duty. Neither is the Court persuaded to hold that defendants' conduct in this case amounts to a *per se* breach of their fiduciary duty.

13. In order to ultimately prevail on their claim, plaintiffs must introduce evidence sufficient to overcome the presumption that the defendant directors' decision to amend the bylaws was made in good faith. *See Panter,* 646 F.2d at 294. At this juncture, plaintiffs have not met their burden of persuading this Court that a reasonable likelihood exists that plaintiffs will ultimately prevail on Count IV of the Amended Complaint. Therefore, plaintiffs' motion for a preliminary injunction prohibiting defendants from enforcing the amended bylaws at Lincoln's shareholder meeting is denied.[4]

14. To the extent that any of the foregoing conclusions of law are deemed to be

findings of fact, they are hereby adopted as findings of fact.

Pursuant to Rule 52(b), the Court reserves the right to amend the above findings and/or conclusions or make additional findings and/or conclusions upon motion of either party made no later than ten days from today and the Court may amend the judgment accordingly.

### Conclusion

Plaintiffs' emergency motions for declaratory judgment and a preliminary injunction are denied.

IT IS SO ORDERED.

---

4. The Court does not reach the issue of whether plaintiffs have standing to attack the bylaw amendments given defendants' assertion that plaintiffs were not shareholders of record on June 22, 1983. The Court, however, does not

consider this argument to be without merit. Obviously, in order to ultimately prevail on Count IV of the Amended Complaint, plaintiffs will have to establish their standing to challenge the June 22, 1983 amendments.